UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



| UNITED STATES OF AMERICA |
|---|
| – against – |
| GREGORY KENNEDY, |
| Defendant. |

17-CR-00498

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**Appearances**

**For United States:**

James P. McDonald
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
718-254-6376

**For Defendant:**

Samuel I. Jacobson
Federal Defenders of New York
One Pierrepont Plaza
16th Floor
Brooklyn, NY 11201
718-407-7429

1

# Table of Contents

I. Background ................................................................................... 2

    A. Instant Offense: Attempted Hobbs Act Robbery, 18 U.S.C. § 1951(a) ................... 2

    B. Guilty Plea ................................................................................... 3

    C. Sentencing ................................................................................... 3

II. Offense Level, Category, and Sentencing Guidelines Range ............................... 3

III. Law ................................................................................................ 5

IV. 18 U.S.C. § 3553(a) Considerations ............................................................ 6

V. Sentence ........................................................................................... 8

VI. Conclusions ...................................................................................... 9

**JACK B. WEINSTEIN, Senior United States District Judge**

## I. Background

### A. Instant Offense: Attempted Hobbs Act Robbery, 18 U.S.C. § 1951(a)

On June 11, 2017, an armed, unidentified individual entered a 7-Eleven convenience store and demanded money. Presentence Investigation Report, Jan. 30, 2018 ("PSR") at ¶ 4. The individual fired a shot, which missed the two employees and struck the wall between them. *Id.*

Surveillance footage showed that shortly before the armed individual entered the store, he exited the same vehicle as Gregory Kennedy. PSR at ¶ 5. A third male was with them; both Mr. Kennedy and the third male were outside of the store during the attempted robbery. *Id.*

Mr. Kennedy was arrested at his home on July 10, 2017. PSR at ¶ 6. When the arresting officers located Mr. Kennedy, he attempted to flee; several officers were needed to restrain him. *Id.* Shortly after his arrest, the defendant appeared to be withdrawing from a narcotic. *Id.*

2

### B. Guilty Plea

Mr. Kennedy pled guilty to an Attempted Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a). *See* PSR at ¶ 1. The maximum term of imprisonment is twenty years. *See* PSR at ¶ 84; *see also* 18 U.S.C. § 1951(a).

### C. Sentencing

A sentencing hearing was conducted on February 20, 2018. *See* Sentencing Hearing Transcript (Feb. 20, 2018) ("Sent. Hr'g Tr."). The court accepted Mr. Kennedy's guilty plea. Sent. Hr'g Tr. at 15:20-25. The proceedings were videotaped to develop an accurate record of courtroom atmosphere, as well as the factors and considerations that a court evaluates in imposing a sentence. *See* 18 U.S.C. § 3553(a); *In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

## II. Offense Level, Category, and Sentencing Guidelines Range

The government, Probation, and the defense disagreed about the applicable Guidelines. Probation's view was that the base offense level was 20. *See* PSR at ¶ 14; U.S.S.G. § 2B3.1. The level was increased by seven points because a firearm was discharged during the robbery. PSR at ¶ 15; U.S.S.G. § 2B3.1(b)(2)(A). It was decreased by four points for defendant's minimal role in the offense, by two points for defendant's acceptance of responsibility, and by one point for defendant's timely notification of his intention to plead guilty. PSR at ¶¶ 17, 21, 22; U.S.S.G. §§ 3B1.2(a), 3E1.1(a), 3E1.1(b). Two points were added because he committed the offense while under a criminal sentence. PSR at ¶ 57; U.S.S.G. § 4A1.1(d). His total criminal history score is 22, which places him in criminal history category VI. PSR at ¶ 58. This yields a Guidelines sentencing range of 70 to 87 months. PSR at ¶ 85. His criminal history score includes offenses dating back to 2001, when he was 42 years old. *See* PSR at ¶¶ 44-55.

The government agreed with this calculation except that it did not believe that Mr. Kennedy's conduct warranted a four-point minimal role decrease. Sent. Hr'g Tr. at 16:21-17:3.

The defense's calculation did not include the seven-point increase for discharging a firearm, since the defendant had no prior knowledge of the gun. Sent. Hr'g Tr. at 16:14-19.

The court provided a *Fatico* Hearing, during which the defense played the surveillance video showing the limited extent of defendant's involvement in the offense. Sent. Hr'g Tr. at 5:13-23, 10:19-11:19. The court adopted the defense's Guideline calculation, and found that Mr. Kennedy's offense level was 13, yielding a 33 to 41-month prison range. *See* Sent. Hr'g Tr. at 16:14-19, 17:11-18. This calculation does not credit the defendant with foreknowledge of the gun and finds he played a minimal role. *Id.*

The videotape showed that Mr. Kennedy stood on a street corner during the commission of the robbery; this was a minimal role. *See* Defendant's Sentencing Memo ("Def. Sent. Mem.") at 2; *see also* Government's Sentencing Memo ("Gov't Sent. Mem.") at 4-6; *see also* Sent. Hr'g Tr. at 13:16-17 (The Court: "All right. . . . Aider and abettor. I cannot find any more."). The Probation Department agrees. *See* Sent. Hr'g Tr. at 17:5-10 ("We maintain that minimal role is warranted based on either analysis, whether he was a lookout or simply an accessory after the fact. Either way, since he was not the one who actually entered the 7-Eleven or possessed the firearm that was discharged, this [is] a minimum role.").

The defense and prosecution disagreed as to whether Mr. Kennedy possessed prior knowledge that a robbery would take place and a firearm would be used. *See* Sent. Hr'g Tr. at 12:2-13

> The Court: "Well, was he aware that there was a gun being held by the person going into the store?"

4

> [Defense Counsel]: "Definitely not, Your Honor. He had never known this person to have a gun. He knew this person to be a small-time supplier of drugs, but they didn't go into it thinking that there would be a robbery. He certainly, at some point, realized that it had been, but at no—and I don't think, the plea agreement doesn't add the seven point enhancement. I think the government agrees that there's no evidence that he had advanced knowledge or that it was reasonably foreseeable based on the circumstances."

*Id.; see also* Sent. Hr'g Tr. at 37:18-22 (Government: "He, of all people, knew a robbery was taking place that morning. Criminal history alone tells you that he knows when robberies are taking place."). The court did not add the seven-point enhancement for the gun.

### III. Law

A "court shall impose a sentence sufficient, but not greater than necessary." 18 U.S.C. § 3553(a). The Sentencing Guidelines are advisory. *United States v. Booker,* 543 U.S. 220 (2005). The sentencing court may depart from the Guidelines in the interest of justice as well as in light of other statutory concerns as expressed in section 3553(a). *Booker,* 543 U.S. at 245-46; *see also United States v. Cavera,* 550 F.3d 180, 189 (2d Cir. 2008) (en banc) ("A district court may not presume that a Guidelines sentence is reasonable; it must instead conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense.").

The Sentencing Guidelines do not consider factors such as age or drug abuse in assessing correlations between recidivism and patterns of criminal behavior, despite acknowledging that "empirical research has shown that [such] factors are correlated highly with the likelihood of recidivism." U.S.S.G. § 4A, Introductory Commentary; *see also* Robert Weisberg, *Meanings and Measures of Recidivism,* 87 S. Cal. L. Rev. 785, 798 (2014) ("Doubtless, [drug courts and mental health courts] are often very effective programs because they identify some instances of addiction or mental illness strongly correlated with offending.").

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is outside the Guidelines range, the court shall

indicate the specific reasons for imposing a different sentence. *See* 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* The statement of reasons shall "set forth enough to satisfy the appellate court that [the sentencing court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *See Rita v. United States*, 551 U.S. 338, 356, (2007); *see also United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) ("A district judge imposing a non-Guidelines sentence . . . should say why she is doing so, bearing in mind . . . that a major departure from the Guidelines should be supported by a more significant justification than a minor one.") (internal citations omitted).

## IV. 18 U.S.C. § 3553(a) Considerations

Gregory Kennedy is a fifty-eight-year-old United States citizen. PSR at 2. His mother died when he was four years old; his father remarried when he was eight. PSR at ¶ 64. He has four full siblings, three half-siblings, and three step-siblings, several of whom suffered various forms of physical and psychological abuse, along with defendant, at the hands of their stepmother. PSR at ¶¶ 65-66. He was a victim of this abuse until he moved out of the house when he was sixteen years old. PSR at ¶ 65.

Shortly after Mr. Kennedy moved from his abusive home, he married. PSR at ¶¶ 67-68. He and his wife have been married for over thirty years, share three children, and care for their young grandchild. PSR at ¶¶ 67-68.

Mr. Kennedy has been arrested over thirty times. *See* PSR at ¶¶ 25-55. His first arrest was when he was 16 years old. PSR at ¶ 25. Many of his offenses involving the use of force occurred during his earlier years, but his more recent offenses have posed safety risks. For example, at age 17, Mr. Kennedy grabbed a person, knocked him to the ground, and forcibly removed his wallet.

PSR at ¶ 26. At age 31, Mr. Kennedy pointed a firearm at an unarmed individual and forcibly removed cash from him. PSR at ¶ 32. At age 52, Mr. Kennedy fled from the police through a residential area with many pedestrians when they tried to pull him over for a traffic stop. PSR at ¶ 51.

Mr. Kennedy is addicted to heroin and cocaine. PSR at ¶ 75; *see also* Sent. Hr'g Tr. at 11:2-3, 18:24-25, 34:12-14. At his sentencing hearing, Mr. Kennedy explained that his addiction is fueled by a need to silence painful memories and unwanted thoughts. *See* Sent. Hr'g Tr. (Feb. 20, 2018) at 33:9-15 ("I want to forget all that I been through. I want to forget these feelings that I felt that I was hopeless at all the time . . . I couldn't do [anything] and only thing I could do was try to get high and forget it."). He has undergone numerous treatment regimens for his substance abuse; the short-term nature of these programs has not provided him with a lasting way to overcome his addictions. PSR at ¶¶ 75-76; *see also* Sent. Hr'g Tr. at 31:7-19, 32:14-19, 35:9-16.

Mr. Kennedy's close-knit family has shown significant support. At his sentencing hearing, he was joined by his wife, grandson, and a niece who traveled a long distance to get to court. *See* Sent. Hr'g Tr. at 2:19-24.

Individuals who know Mr. Kennedy in other contexts—from his community and drug abuse treatment programs—agree that he shows a genuine desire to overcome his addictions, but that he is not well served by the short-term treatment that typically accompanies a period of incarceration, supervised release, or parole. *See* Sent. Hr'g Tr at 25:2-25.

At Probation's request, the court made it a condition of supervised release that Mr. Kennedy cooperate with the assessment for the STAR (Supervision to Aid Reentry) Program. *See* Sent. Hr'g Tr. at 19:20-20:15.

There are programs available in the Eastern District of New York to assist individuals, like Mr. Kennedy, with documented histories of substance abuse, and help them reenter their communities at the end of a prison term. *See Alternatives to Incarceration in the Eastern District of New York*, Third Report to the Board of Judges, at 86 (Oct. 2017). These programs offer individuals with drug or alcohol addiction "more assistance and support, stricter accountability and greater rewards for completing their supervision successfully." *Id.* at 87. The court has found that individuals suffering from addiction are often "jailed for behavior directly related to the abuse, and they are not given sufficient help in controlling their addictions while incarcerated *and after their release*." *Id.* (emphasis added). At the end of a prison term, candidates are screened for acceptance so that the STAR Court may determine whether the candidate will benefit from the Program. *Id.*

The STAR Program, and other similar programs in federal districts across the country can lower recidivism rates related to substance abuse. *See e.g.*, *Conviction Alternatives Program* (N.D. Cal.) http://www.cand.uscourts.gov/CAP; *R.I.S.E. (Repair, Invest, Succeed, Emerge)* (D. Mass.) http://www.map.uscourts.gov/rise; *LASER (Law Abiding, Sober, Employed, and Responsible Lifestyle)* (D.N.H.) http://www.nhd.uscourts.gov/laser-docket. These programs foster rehabilitation. *See* Robert Weisberg, *Meanings and Measures of Recidivism*, 87 S. Cal. L. Rev. 785, 798 (2014) ("[E]nforced and targeted therapy is logically much more effective than the general rehabilitation opportunities afforded, if at all, in prison or under probation").

V.   **Sentence**

A sentencing court must consider two major factors: general and specific deterrence. In light of the nature of the offense and the characteristics of defendant, Mr. Kennedy was sentenced to twenty-four months of incarceration. Sent. Hr'g Tr. at 40:17. A $100 special assessment was imposed. Sent. Hr'g Tr. at 40:20-21; *see also* 18 U.S.C. § 3013. Three years supervised release

8

was ordered. Sent. Hr'g Tr. at 18:17-23. As a condition of supervised release, Mr. Kennedy was ordered to cooperate with the assessment for the STAR Program. *See* Sent. Hr'g Tr. at 19:20-20:15. No fine is levied since he has no assets.

Mr. Kennedy pled guilty to a serious offense. He has expressed genuine remorse for his conduct and understands the gravity of his actions.

## VI. Conclusions

Respectful consideration was given to the Sentencing Guidelines. The court exercised its discretion and considered the characteristics of the defendant, his criminal history, and his involvement in the offense, so that the sentence is "sufficient, but not greater than necessary" to comply with the purposes of sentencing. 18 U.S.C. § 3553(a).

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: March 8, 2018
      Brooklyn, New York